Thank you, Judge. Good morning, Your Honors. My name is William Weiner. I represent Antoine Little, a petitioner here. He was convicted of a robbery of a roundtable pizza on February 8, 1996, and he raises two constitutional issues, both related concerning that particular conviction. One, shortly stated, is a due process argument regarding a prior, uncharged, February 4th robbery of a roundtable pizza that was introduced against him at trial, and related the second argument, a failure of his counsel to question him on the witness stand. He did take the witness stand so that he would deny that he committed this February 4th robbery. Has he now denied that he committed it? Has he put in a declaration saying, I didn't do it? I don't have any declaration like that right now. Well, then how could it be an effective assistance to have not asked the question when we have don't even now know what the answer would have been? Well, I think the answer to the question is perhaps twofold. Number one is that the proffer of evidence during the hearing on whether or not to admit the prior un the prior similar was that Mr. Little and his girlfriend had seen Mr. Maciel in the neighborhood, and that's how they misidentified Mr. Maciel. That's the best I have of the record. I only have the record that's before me. I was appointed on appeal, but the implication of that statement is that there was a misidentification that he did not commit the robbery. That's one response to your question, Your Honor. The second response to your question is this, that if he did commit the robbery, then the best position any lawyer could possibly be in is not to put him on the stand, taking the risk, the tremendous risk of testifying, which, of course, the defendant does when he testifies, to deny the February 8th robbery in detail and then says nothing about denying the February 4th robbery, which, of course, leaves open the prosecutor to strike an admission. That could have been the truth, i.e., he wasn't there on February 8th, but he was there on the 4th. It's a tactical disaster to do that. But let's assume for a second that's true. What does it come in for? Even if he couldn't deny it, what does it come in for? Even if it was the truth, what could it come in for? And that's really the question before the Court. Presumably, it came in, according to the trial court, and actually, according to counsel here in his opposing briefs, it came in common plan and design as that shows intent and motive. Let's back up a minute. Is there – this is a habeas, right, a 2254? That is correct, Your Honor. Is there any clearly established Supreme Court law that says that even if this kind of evidence, prior acts evidence was erroneous under State law, that it's a constitutional violation to admit prior acts evidence? I thought we skirted that issue for many years, as has the Supreme Court. Well, it – this no lesser court than the Sistine Ninth Circuit has decided a case, and it's on my brief on page 36. It's cited, the name of the case in McKinney v. Reese. Let me get to that in one moment. There it is. And in McKinney v. Reese, the Court indicates that there is a constitutional basis for the exclusion of other acts evidence if it is character evidence or propensity evidence, and it cites two United States Supreme Court decisions. It also goes through a summary of every State court that is viewed it, indicating that it's against every State court that is viewed it. But I believe that there is more recent case law that recognizes that there is no Supreme Court basis for that conclusion. Your Honor, I think what you might be referring to, and I alluded to it in my own brief, is a footnote in a case decided by the United States Supreme Court. That's the Batted Child Syndrome case, which I'll give you the name of in a moment. And in that case, which is – I think that might be Estelle v. McGuire. In Estelle v. McGuire, on footnote number 5, the Court did suggest something like that. But let me set the program. First of all, Estelle v. McGuire was evidence by an expert that the child could not have fallen off a couch or otherwise accidentally get these injuries, that it was a battered child syndrome. There's no question that whoever did batter the child did so intentionally. Now, the point that I'm saying that, the point I'm making is there was no other act evidence in that case. Nothing was brought in concerning the defendant or the defendant's character. In a footnote, the Court noted that the other act's evidence that hasn't been a Supreme Court case deciding whether propensity evidence may be permissible or not constitutionally. That may be what the Court is referring to. It's pure dicta. And, of course, I now show you two cases that this Court has cited just a few years ago indicating that there is a constitutional footing for the notion that a person shouldn't be convicted based on the – The question isn't whether there's a constitutional footing. The question is whether there's clearly established Supreme Court law. The – this Court – Your Honor, I appreciate that's the standard in ADVON. I understand that. But this Court in McKinney v. Reiss literally reversed a case on habeas, claiming that the only reason the evidence was offered was for character evidence and propensity evidence is unconstitutional. How do you say that in this case, especially after your client took the stand? Certainly it may have been let in on the common scheme and plan, but in light of the story he told, it seems to me it's also relevant on the issue of intent. It's not relevant on intent, Your Honor. It's not relevant on intent, and it's not relevant on common plan and scheme. There was no question from the beginning of the case that a robbery occurred. Nobody said a robbery didn't occur. Well, that's not really true, either, because he said – at least he was denying that this robbery occurred, because he was denying that anybody who was identified as being involved in this robbery was involved in it. He had a whole other story about why they were there, why he was there. But not only him, everybody. In other words, his story was that that particular robbery just didn't happen. That's right. He was saying that everybody in this courtroom didn't commit the robbery, but the robbery occurred, and those perpetrators had the intent to rob. I am not one of the perpetrators. The only issue in this case, and I tell you that I'm not a cynical person, there's only one issue in this case, and one only, and that was the identity of the robber. Everybody talked about it being a robbery. Nobody cross-examined any of the witnesses or did they borrow the money, did you give them money. Everybody understood that it was a robbery, and everybody understood that five people robbed the roundtable people on February 8th. The question and only question was the identity of the robbers. Counsel, we do have, I guess, clear evidence that your client was there. He was in the vicinity of the robbery at the roundtable, and the money was found in the car which he exited. So those are two pretty damning bits of evidence against him, so. They are indeed. They're very damning evidence. I agree with that, Judge, but that doesn't mean that the prior should be admitted. Actually, what that does do is that some evidence, of course, he has a story as to why that's the case, and then when you bring in the prior, you say, well, he did it before. He obviously did it again. Well, what they said about the prior, the evidence came in that someone identified him as having been at the other roundtable. And having been a robber at the other roundtable, having been the robber, not just been there, that he was one of the robbers at the February 4th robbery. And that the same M.O. was used. They said it was a common plan and scheme, yes. So I don't know whether that has been appropriately disproved by you. It seems to me that it was a common scheme, and he was shown to be there. The way common plan and scheme and design is what it's called, evidence comes in, this is a textbook idea, is it comes in to show that the act itself was done, not to show motive and intent, but the act was done. I'll give you an example. It's a matter of California law. I mean, how do you – how does that transpose to constitutional law? The constitutional – I'm sorry, one point to the next. The point is, if I'm right about that, I'll answer your question then. If I'm right about what common plan and scheme does, and therefore it was not introduced appropriately, then what was it introduced for? And that's where you get the constitutional thing. The only reason it was introduced, and I think everyone in here must know that, is to show that he did that, and therefore he did this, because the only issue in the case was identity. There was no other issue in the case. He didn't say that rivalries didn't occur, therefore common plan and scheme is irrelevant. Common plan and scheme just shows that he did an act before, and that act was committed. He admits the act was committed. Act is raised. It has nothing to do with intent. All right. But California law seems to draw this fine cut distinction. But as a matter of constitutional law, why couldn't one show – I mean, this is sort of getting – the common plan and scheme, I gather, is a slightly different exception under California law than, you know, sort of signature or crime type. That's correct. But is that a distinction, a matter of constitutional law, that he couldn't have a rule that says – that some other state couldn't have a rule that says, we're going to let this evidence in, even if it's not an absolutely unusual crime, but if it's similar enough, we're going to let it in as evidence that the same people did these two crimes? Yes. And that's actually what McKinney v. Reese says. McKinney v. Reese says that if it's not relevant to prove identity, intent, motive – But Judge Gershwin is saying that that may be true under California state law, but how do you escalate or elevate that into a violation of constitutional law when most states don't follow such a restrictive interpretation? It actually doesn't make a difference whether there's a restrictive interpretation or not, and I'm sorry, I'm not making myself clear. The question is, is it relevant to any issue at trial? It's relevant in the sense that somebody might think that because these two crimes were pretty similar, it's likely that the same people did it. And you're saying, oh, but under California law, this wasn't an unusual enough crime to be used for that purpose. No, Your Honor. But why couldn't it be used for – constitutionally for that purpose? Everybody in here – pardon me – the prosecutor and all the courts below indicated that it was not used to show he did it before, therefore he did it again. It was not used for that purpose. And the reason they avoided that, the very question you're asking me, is that means it's unconstitutional. And the reason it's unconstitutional is it's not a signature crime. There's – all it shows is because – So you're saying that the signature crime rule is a constitutional rule such that it has to be a really odd way of doing the crime rather than a somewhat odd – a somewhat consistent way of doing the crime? Otherwise, all we have is a situation where he did it before you let everyone in. No, but there's a difference between he robbed before and he robbed again. And he robbed a – the same chain in the same location in the same manner and he did it again. And also, though, on the count from 300 down. I – well, there are other things. All the cops. Somebody said, count to 300, which almost everybody says on television. And somebody also said in the second one, happy shopping at Round Table Pizza. There were quite a number of dissimilarities. It's exactly because of this – those dissimilarities that the trial judge didn't find it came in for identification, that the court below, this court below, the district court, didn't find it came in for identification. Everybody avoided that. Instead, they said it came in to show intent. I agree with that. But the problem with that is, on a review on habeas, after he testified, wouldn't it have come in on identity? I don't see how it could possibly have come in on identity, Your Honor. But he gets up and tells – he's there. He admits he's there. He tells a whole story about how it just – it was – he was an unlucky person to be there while that robbery is going on. Wouldn't it be relevant in that to show that, in fact, he had the intent to commit a robbery? It wasn't just fortuitous that he was there. We're not concerned with him being there and his intent. What he says and what everybody says is the robbers robbed the place and their intent was to rob. The question was not his intent, but the question was, was he one of those robbers? Right. Not was he there. Not was he there. The point of the matter is, the only way it's relevant on identity is if you go to the IDA, he did it before, and then he did it again. It depends what it is. There's a difference between it being some – just a crime, any old crime, or even the same crime as the robbery, and it being a robbery.  The question is, is it relevant to the crime as a matter of offense, or it being something with similar characteristics? Yeah, and I think I'm beating a dead horse. What I'd like to do is move to the next point. Let me ask you a question. Are you going to address the gang evidence? Yes, I'd like to do that right now, because I think that's the strongest issue here. It's a Crawford issue, and I think the Court understands that. What's happened here is you have two elements to the gang point, and one is he has to be in association – and the way that Crawford indicates that it cannot be done, you have to have the person testify, cannot introduce testimonial evidence. And the Court made it clear that testimonial evidence is any evidence by a declarant that objectively would be seen as possibly being used at a future trial. And, of course, they specifically said any interrogation by police, and they specifically said interrogation is a colloquial phrase. It's not a structured sort of thing, as the State points out in its brief. It's actually an informal type of interrogation, questioning by the police. Okay. So that's the setting. What you have is two experts. One is Dunson. I'm going to be very short here, because my time is going. And Dunson testifies concerning Tyson, co-defendant Tyson, that Tyson told Dunson, while Dunson was interrogating Tyson for a robbery, which actually he was convicted of, that he, Tyson, was a gang member. Okay. Dunson also says, other police tell me that when they interrogated Tyson, he told them the same thing. So you get double hearsay. And then. Counsel, let me interrupt you. Have you seen the Littleson case? Yes. Which says that hearsay in the sentencing phase is okay. Yeah. I did see that just last night, Your Honor. It was brought to my attention. So I think, admittedly, this is hearsay. And until that Littleson case came down, we may get some further word from the Supreme Court. But up to now, I guess Williams v. New York has not been overruled. And Littleson thinks it's okay to have hearsay when it's at the sentencing phase. And I wasn't able to review all the cases that were cited, because I only got it last night. And I think this Court knows I just came back from New York. So I had a very limited time. But I did read that case. And that case was, as Your Honor indicates, it was a sentencing hearing. It wasn't a jury trial. And this is a sentencing phase? This is still jury trial, Andy. This is jury trial. And not only that, as I think this Court probably knows, the experts first testified in one case. The experts started testifying in the case and then blurted out that these people were convicted of prior robberies. It's an element that has to be proved beyond a reasonable doubt. It has to be proven beyond a reasonable doubt. Let me just get to where I'm at. This is a very different circumstance. Okay. But isn't that claim at this point unexhausted? Which claim is that, Your Honor? This last claim about the evidence. The Confrontation Clause. The Confrontation Clause. Oh. Because, well, in part, it will depend upon whether Crawford is held retroactive, right? Well, it has been by this Court in Bakhtin. I know. But the Supreme Court has accepted cert on that, right? Well, until the Supreme Court decides the issue, I mean, this is, this law has to be followed. What about the exhaustion question? Did you raise a Confrontation Clause? Oh, yes. The Confrontation issue was raised. The question that you're saying is clearly raised. State court. Yes. State court. Where was that? I'm sorry. I never thought you'd bring that up. I don't think counsel brought that up. Let me see here. I have it here, Your Honor. I have, let's see, ER 4348 is what I cite on my reply brief, number 12. If I can find my excerpts. We can look at it. We can look at it. Just give us a side pick. Okay. The citation that I have, without looking at it, is my excerpts, page 43 to 48. Yes. Which is the briefs before the court of appeals, which brings up the fact that there is hearsay. And I see it right now. Hearsay was independent. I see it. What's hearsay? Did you raise it as a Federal Confrontation Clause question? I believe it has been raised as a confrontation issue. Again, I'm looking through it very, very quickly now. But I believe that has been raised as a confrontation issue. Again, it's 43 through 48 in the excerpts of record. And I believe that has been raised. And, of course, this Court has certified it as a question for review. I'm down to only one and a half minutes, if I can save that. Do you want to save the menu for time? Yes, please.  Thank you very much. Could I start with the gang evidence, perhaps? Certainly. May it please the Court. A word or two about California sentencing law. This was a sentencing proceeding, not the main trial. It's a bifurcated proceeding. After the jury found the defendant guilty of the robberies, all the substantive charges, the jury comes back, says we found the defendant guilty. They get a surprise. They have to do an entirely new trial on the sentencing allegations. The gang enhancement is not a substantive charge. It's not a crime. It's a sentencing allegation. The Wilson case is not dealing with this situation. I'm sorry? Right. The Wilson case is dealing with a sentencing hearing, meaning before a judge on a discretionary basis. And so it's not dealing with a jury trial on an element, something that's essentially an element of a crime and so on. This is – I don't want to be too emphatic. This is certainly not an element of a crime. In California law, it's extremely clearly delineated that there are crimes that have elements. And in California, since we bend over backwards to get a due process, there are certain sentencing enhancements that have always been given to a jury. But there's never been any doubt in California law, never any doubt at all, that these are sentencing factors that only arise after a substantive criminal charge has been charged and proven to a jury. After that trial, after that criminal trial is over, there's an entirely separate bifurcated proceeding on the sentencing. I'm sorry? Wouldn't an apprendi require a jury trial here or finding beyond a reasonable back? It may be. It may require a jury trial. But apprendi has never – apprendi did not and no clear authority of the Supreme Court has ever stated that the Confrontation Clause applies to jury trials on purely sentencing issues. Is the enhancing – is this enhancement altering the maximum available sentences? Absolutely. And it certainly qualifies under apprendi. Well, that's not a sentencing – as apprendi understands, at least, that's not a sentencing issue. Apprendi didn't say that these weren't sentencing issues. They just said that they had to be treated for certain constitutional protections. At a minimum, it's not what Littleson's about. Is that right? It's different. Littleson is about Federal sentencing guidelines, which are not subject to a jury trial. Littleson in dicta indicates that it would apply if it were a jury trial. And let me read something to you from Blakely, which is the case that talks about jury trials for – It's still on my problem. I really find it – if you can see that apprendi applies, you're saying, as I understand – The Confrontation Clause still does not – has never been held by the Supreme Court to apply. You could find beyond a reasonable doubt solely on a hearsay, and that would be – Absolutely. Absolutely. The fact that we bend over backwards to give jury trials for some purposes doesn't mean that all the rules go out the window. This is a sentencing – I don't understand your argument. If I may read from the dissent of Justice Breyer in Blakely, Justice Breyer is criticizing the majority opinion for all the topics that it doesn't determine. And one of the things he states is, the numerous cases of this Court holding that a sentencing judge may consider virtually any reliable information still good law when juries, not judges, are required to determine the matter. He's putting his finger exactly on this point, that the Supreme Court has never determined that point. Under Williams, previously, prior to Blakely, judges could consider any reliable hearsay. After Blakely, judges don't do that anymore. Juries do that. But Blakely did not talk. And in the sentence before, Justice Breyer specifically refers to Crawford and says, is Crawford implied – implicated here? Is our Confrontation Clause issues implicated here? And he says, Blakely does not answer that question. All right. So let me ask you two other questions. A, do you think there's an exhaustion problem here? Do you know whether – you didn't raise it in our brief. We certainly did raise it in our brief and claim that there is no exhaustion problem because the case was final long before Crawford came out. So how can – how can Crawford have been addressed by – there may not be a – Well, they could have raised a Confrontation Clause argument even if – without citing Crawford. Well, not on that particular ground. I can't – I haven't put my finger on exactly whether – I put in the brief that they did not raise a Confrontation Clause argument under the Federal Constitution. And we couldn't expect that they would. Yeah. Why would they before Crawford? Right. It's not forfeited. We're not arguing that it's forfeited for not having an objection on Crawford ground. I think they should go back and see the – Why should not the State Supreme – the State courts be allowed – if, in fact, there's a glaring error under Crawford, why should not the Supreme – But then they'd have to file a second successive – well, they could file a State court petition. Then they'd have to file a second – It happens. It happens every day, Your Honor. Multiple petitions happen, and this certainly would not be – No multiple positions happen. They don't happen here, except under the second successive petition provision. But he'd have – he'd certainly have a reason for it. He'd certainly have a justification. I can't see any district court throwing it out if he went back to exhaust under Crawford. All right. The third question is, assuming that Crawford applies and assuming it's exhausted,  I was hoping we wouldn't get here. The – it is – it is problematic evidence. I suppose my strongest argument is that it is not – it was not admitted for the truth of the matter. The evidence we're talking about, which is the admission by William and by Tyson that they were gang members, the petitioner never was – never admitted that he was a gang member. But the admissions by William and by Tyson that they were gang members was part of the expert's opinion of why – and this is the element. The element was this crime was committed for the benefit of the gang. The gang members being gang members, William and Tyson being gang members, those weren't elements. That was just information used by the expert for the actual element, which was this crime was committed for the benefit of the gang. But it wasn't – those pieces weren't admitted anywhere else. No. Otherwise, when you have an expert ordinarily, you either have a hypothetical question or you have an expert based on something that was otherwise introduced. Neither of those things were true, so it had to be introduced for the truth or there was no basis for the – for the opinion. It was not introduced for the truth. It was admitted to show the basis of the expert's opinion. Keep in mind this is a sentencing hearing. But it wasn't a hypothetical question. That's a matter of California sentencing law. Experts are allowed to assist the jury in California and to even testify to ultimate facts if that will assist the jury if the facts, the constellation of facts relevant is beyond the knowledge of the average citizen, which gang behavior and mores and – But what was the evidence that tied him – there's enough evidence about the gang. Uh-huh. What's the evidence tying him into the gang? What's the evidence – okay. I still want to specify we're talking about the element of the crime was committed for the benefit of the gang. In the expert's opinion, the way the expert tied Petitioner to the gang or said that he was helping out the gang was certainly because William and Tyson were gang members. That was necessary to his opinion. And obviously, that's – But if it wasn't established – That case is very – But if it wasn't introduced for the truth, then where was the truth of that coming from? From the opinion of the – purely from the – let me try an example. Say that a psychologist gets on the stand and says that fellow has a mental defect. How do you know that? Well, I read Freud and I read Maslow. He's got a – the jury isn't going to read Freud and Maslow and determine whether Freud is true or false. All that the – all that's coming in for is to show these are the categories of evidence – All right. But he also – These are the categories of evidence that the expert relied on. Those are good – good categories to rely on. I understand that step. I understand what you're – My next – it's the next step. You're saying – In this case, the category of – He's sentenced as a gang member. Yeah. You've got to have something to connect him to the gang. Other than his brother. I'm sorry? Other than the fact that he has a brother. Well, he committed a robbery with his brother, who's a gang member, and the expert said – It might have been a side robbery. Who knows, you know? But the expert – It wasn't part of the gang's robbery. You may credit it or not, but the expert addressed that point. He said a takeover robbery is a very complicated, very unusual thing, and you don't just pick some guy up off the street and go in and take over a round table pizza and risk the cops coming with guns blazing. Stay in that restaurant for 20 minutes unless you have real trust with your cohorts. That's his testimony. So that's how he ties it together. But that's different from the question – But as I understand, the gang enhancement doesn't mean just some group of people who agree to commit crimes together. They stipulated that Mount Pleasant Hoods was a gang. I understand that. But the takeover – I mean, to me, the takeover robbery thing seemed awfully peculiar. I mean, whenever a group of people commit a crime, they have to have trust in each other, but it doesn't make them a gang. But it takes – well, this is just a matter of evidence that the expert testified. You may not have accepted it on the jury.  I don't deny that this pushes the boundaries. But keep in mind, this was a sentencing hearing. As counsel said, at trial, the judge saw this evidence coming in, and he excluded it at trial because that was the trial. That was for the – when there was no proof outside of this expert's opinion that these guys were gang members. What was the sentence available on the basis of the jury's first verdict? I'm sorry? What was the sentence available on the basis of the jury's first verdict? You know, I was sitting here today thinking of that question. I don't have it before me. Normally, a gang enhancement would be a year or two. And I think there was also a gun enhancement. Over the maximum of what would have been true evidence. No, absolutely. It's an Apprendi-Blakely issue. No question about that. But it's not the dog wagging – the tail wagging the dog here. This is a long sentence for several robberies, for assaults, for gun use. And for being a member of the gang. I mean, that's obviously – And tacked on at the end was this gang enhancement, which added a couple years to the sentence. And what is the difference between a gang enhancement like that and the difference between voluntary manslaughter and involuntary manslaughter? Because there's an additional element that has to be proved to the jury. Because you can't charge somebody with a gang enhancement and nothing else. Before you can charge them with a gang enhancement, you have to have the – You can't charge them with a difference between involuntary manslaughter and voluntary manslaughter and nothing else either. You can't charge them with a difference between negligence and recklessness. But before you can charge – before you can prove the gang enhancement, you have to have in your hands a conviction of a substantive crime. If the substantive crime is acquitted upon, you can't even get to the gang enhancement. It's completely a vestige of the substantive crime. It's – 20 years ago, 40 years ago, it would have just been a sentencing fact. It would have gone to the prison. They would have said, okay, he's convicted of robbery and there's this fact that the judge found that he's a gang guy. So we're going to – we're going to throw that into the mix and maybe give him 5 years instead of 6 years and determine the sentence. Over the years, we've formalized these things more and more to give more due process to the defendant. He gets – now he gets full due process in terms of a jury trial and proof beyond a reasonable doubt. But it's still a sentencing factor and it still doesn't have the full dignity. Kagan. Isn't there something just sort of intuitively inconsistent between beyond a reasonable doubt and a whole lot of heresy testimony? Let's leave aside the expert part of this. I mean, suppose it wasn't – because your position at this point is that it didn't – the expert part didn't matter at all. You could have simply brought in directly a whole bunch of heresy for the truth and gone to the jury and asked the jury to find something beyond a reasonable doubt based on a bunch of heresy. Well, first of all, it's got to be a reliable heresy. That's always been the – Sorry? The federal constitutional standard has always been reliable heresy. Right. Reliable heresy. It can't just be – Reliable heresy. I think we want to hear from you on the question of bringing in this robbery number one or number two. I'd love to talk about that, Your Honor. I can't – I've seldom seen a prior that was more admissible on more different grounds. It certainly was not admitted on identity. The jury was specifically instructed it was not admitted on identity. It was admitted for intent or for common scheme and plan. It could have come in for identity with the count to 300 before you leave, a bunch of guys, a roundtable pizza within a week or two, taking it over. I think that would be easy to say that it could have come in for identity, but it didn't. It came in for intent. For counsel to continually say that there was no issue of intent, it was only an identity case. A Petitioner got up and said, I was at the back door of this roundtable pizza just before it got robbed, but I knew nothing about it. Even though I was at the back door of this roundtable pizza at closing time with four other guys, they went in, they took it over, they robbed it, and on the way out they said, count to 300. And, oh, what a coincidence. Four days previously, I was at the back door of a roundtable pizza parlor around closing time when three guys went in, took it over, robbed it, and yelled as they went out, count to 300 before you call the police. That shows when he was at the back door of this roundtable pizza, the charged crime, it's not an identity issue. It's what was he intending by going to the back door of that roundtable pizza restaurant. Common sense tells you that somebody else might have gone to the back door right before it got robbed and say, I had nothing to do with it, but not him because the last time he was at the back door of a roundtable pizza restaurant just before closing, it was robbed in a characteristic manner. It's totally, totally admissible on intent. The common plan and scheme normally goes to show you, I won't get into the ins and outs of the California evidence law, but in this case, common sense tells you that if somebody had this scheme four days before and he showed up at the back door of a roundtable pizza restaurant right before it got robbed, he's there to carry out this scheme again. It shows his intent. It couldn't be more, it just couldn't be more admissible. And as your Honor so pointed out, it doesn't even matter because this Court really can't reach that issue because, as Estelle v. McGuire footnote states, the Supreme Court has never ruled that propensity evidence is unconstitutional. McKinney v. Reese is completely distinguishable. There, McKinney says, McKinney v. Reese counsels. We always cite Jamal v. Van de Kamp. He always cites McKinney v. Reese. McKinney says that there was no probative value whatsoever because when the kid stood up and stabbed somebody and they went and they searched his apartment, they found a knife. No connection with the crime. Clearly wasn't even the crime weapon. It had no probative value whatsoever. That's different from similar before, similar here. Since the beginning of evidentiary treatises, that evidence has been excluded, not because it had no probative value, but because it has too much probative value because juries can't handle the similarity. It's just so probative. So the idea that it's unconstitutional in the Federal Constitution is just a complete nonstarter for any number of reasons. I'm sorry. Have I answered your question? I have some time left, and that's always dangerous. If there were any other issues that the Court wanted me to address, I'd be happy to. Thank you very much. Thank you very much. Submitted. I always hate it when opposing counsel has so much time left. I know I'm on a downhill swing. Let me say one thing, if I can, about the Pryor's. Even his case, the Jamal case, indicates that in that case it was permissible and, therefore, it doesn't violate the Due Process Clause of the United States. The point that I raise in McKinney v. Reese is it cites two United States Supreme Court cases and says it is the Constitution of the United States by the Supreme Court stating that. So the question, I think, before this Court is was it offered under any standard, not California standard or any standard? Was it offered for propensity? He did it before, therefore, he did it again. Or was it offered for some element of the crime? And remember, this crime wasn't an attempt. What was he doing at the back of the store? What was his intent? This crime was did he perform the robbery? Was he a robber? And my own take of it is, really, it's somewhat hypocritical to think that it could be offered for any purpose on intent when the only question that everybody recognized was identity and no other question. Go back to what I view as a more meaningful issue from your point of view. Isn't it appropriate that ‑‑ I don't think you raised it, only as a question of State law. I don't think your lawyers below did anything wrong because nobody thought of this as an issue. But his point is, shouldn't the State courts, assuming Crawford applies, have the first shot at figuring out where this is going? Because I think you do have a pretty nice argument that if Crawford is applied, to this case, there's really nothing to tie your client to the gang. My only answer to that is Bakhtin, because Bakhtin indicated that there's nothing to tie your client to the gang. And I don't think you did that. In two ways, it's either a watershed rule or it's not a watershed rule. And in two ways, that case clearly said that it applies to all cases retroactively. Yeah, but there's still a procedural problem. And what makes me a little nervous is that I think that on the basis that it's a new rule, you had to go back within a year if you wanted to get back to Federal court, and I don't think you did that. They definitely didn't go back. I got the case just on appeal, and then there was no going back. I would indicate to the Court one other reference. And also by that time, the Supreme Court will have decided one way or the other, you know, the underlying issue, whether it's viable or not. My short experience with doing what the Court suggests is that it takes a long time, maybe over a year, for the California Supreme Court to simply issue a one-page Yeah, but that's all exempt time in terms of getting back to Federal court. I know, but the deference that the Court feels because it's going to be considered by the California courts, I mean, it doesn't work that way in practicality. In practicality, it's simply denied, and then we have to get back into it. Our practicality is we can decide this issue now anyway because we'd have to wait for Bakhtin. Well, my preference is that this Court wait for Bakhtin because the other is just simply a waste of time. I mean, we're going to wait for Bakhtin. We'll be here anyway, and nobody's going to consider it except this Court. We have a bunch of statutory schemes. The one other thing I'd point out, and forgive me for this, is in the counsel's supplement brief at page 37, he has my client's brief before the California Supreme Court where my client refers to his co-defendant's brief on the issue of the Confrontation Clause. So the point is that it's going to be hard to find here, and I'd be happy to get his co-defendant's briefs because he basically refers to them. They didn't want to repeat themselves. Okay. So if we want briefing on that or further citations, we'll ask for it. Okay. But it's there. It's just not in these briefs. It's in his co-defendant's brief. I see what you're saying. That's interesting and complicated. Thank you. Thank you. And thank counsel for a very good argument in Little v. Reynolds, and we are recessed until tomorrow morning. Thank you. All rise.
judges: B. Fletcher, Berzon, Trager